■ TRI-STATE EQUIPMENT LEASING COMPANY, Respondent, v FELIX INDUSTRIES, INC./ECCO EQUIPMENT INC., a Joint Venture, Appellant.—In an action, inter alia, for a judgment declaring that the plaintiff is the owner of and entitled to immediate possession of certain construction equipment in the possession of the defendant, and to recover for damage to property, the defendant appeals from a judgment of the Supreme Court, Westchester County (Meehan, J.), dated June 4, 1985, which, upon granting the plaintiff's motion for partial summary judgment on its first cause of action, declared that the plaintiff is the owner of and is entitled to the immediate possession of the construction equipment, dismissed the defendant's counterclaims, and dismissed its first, third, fourth, fifth, sixth and seventh affirmative defenses, and severed the balance of the first cause of action and the second through fourth causes of action.

Ordered that the notice of appeal from an order of the same court, dated April 24, 1985, is deemed to be a premature

notice of appeal from the judgment *(see,* CPLR 5520 [c]); and it is further,

Ordered that the judgment is reversed, on the law, with costs, and the motion for partial summary judgment is denied.

The defendant, a contractor involved in a sewer construction project, entered into a subcontract agreement with Terra Equipment, Inc. (hereinafter Terra). According to the agreement, Terra was to provide all the equipment for and perform certain of the sewer-boring operations called for in the prime contract. As security for its performance under the subcontract, Terra granted the defendant a security interest in the machinery to be used on the project. In the security agreement, executed on January 5, 1982, Terra represented that it was the owner of the equipment described in the agreement and delivered a "UCC-1" financing statement to the defendant. The financing statement was filed in the State of Ohio on July 7, 1982. Among the items of equipment listed in the security agreement were a tunnel-boring machine, a hydraulic pipe-jacking unit, six "muck cars" of 3½ cubic yards capacity and a laser guidance system. Shortly after Terra began work on the project, it abandoned the job. Pursuant to the terms of the security agreement, the defendant took possession of the equipment.

In October 1983, the plaintiff commenced the instant action, alleging that it was the owner of the equipment in the defendant's possession. In support of its motion for partial summary judgment, the plaintiff claimed that it had leased the subject equipment to Terra, and submitted a copy of a lease agreement between it and Terra. That agreement was executed on April 28, 1982, more than three months after the execution of the security agreement between Terra and the defendant. It provided that title to the equipment was to remain in the name of the plaintiff and that Terra would not encumber it. Terra was also required to remove from the equipment any markings identifying the plaintiff as the owner.

An officer of the plaintiff claimed in an affidavit that the equipment leased to Terra was acquired at a public sale in 1981. Among the items listed in the notice of that sale are "8 —2 cubic yard muck cars". Absent from the notice of sale is any mention of a laser guidance system. The lease agreement between the plaintiff and Terra, however, lists, among other items, six muck cars of ¾ cubic yards capacity each and a "Laser Unit" with an affixed serial number. Although several

representatives of the plaintiff averred that they observed the equipment purportedly leased to Terra in the defendant's possession, none claims to have seen a serial number on the laser unit. Moreover, there is no assertion that any of the items, except perhaps the tunnel-boring machine, were measured or otherwise examined in an effort to ascertain that the equipment in the defendant's possession was the equipment leased to Terra and allegedly owned by the plaintiff.

As the proponent of this motion for partial summary judgment, the plaintiff was required to make a prima facie showing of entitlement to judgment as a matter of law, offering sufficient evidence to eliminate any material issues of fact from the case. The failure to make such a showing requires the denial of the motion, regardless of the sufficiency of the opposing papers *(see, Winegrad v New York Univ. Med. Center,* 64 NY2d 851). Here, where there were substantial discrepancies in the descriptions of the items listed in the various documents and where none of the items could be positively identified by serial numbers or other indicia of ownership, the plaintiff failed to make the necessary showing that it was the owner of the construction equipment. Accordingly, the motion for partial summary judgment should have been denied. Weinstein, J. P., Rubin, Kooper and Sullivan, JJ., concur.